UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KAREN R. MERRITT,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH M. DIORIO,<br><br>Defendant. | C.A. No. 25-cv-518-MSM-RLA |

**ORDER**

MARY S. MCELROY, United States District Judge.

Before the Court is the Defendant, Joseph M. DiOrio's, Motion to Dismiss, under Fed. R. Civ. P. 12(b)(6), the Plaintiff, Karen R. Merritt's, First Amended Complaint, which pleads a single count of conversion against him for acts taken as the bankruptcy trustee of Classic Display, Inc. ("CDI"). ECF No. 17.

CDI, a company owned by Ms. Meritt's former husband James Cronan, built sales displays. It filed a voluntary Chapter 11 petition on March 2, 2010. ECF No. 18 at 3. At a hearing on July 8, 2010, the bankruptcy court ordered the appointment of a Chapter 11 trustee and directed the debtor's counsel as follows: "The doors need to shut immediately. They reopen when the Chapter 11 Trustee says so." *Id.*

On the afternoon of that same day, Mr. DiOrio, upon receiving notice of his prospective trustee appointment, arranged for an attorney from his office to visit CDI's premises to ensure that no operations were continuing, consistent with the

bankruptcy court's directive. *Id.* at 4. On July 9, 2010, he contacted Citizens Bank and froze CDI's corporate operating account, which held $3,038.61. *Id.* Then, the United States Trustee filed the application selecting Mr. DiOrio on July 12, 2010; the bankruptcy court entered an order appointing him on July 13, 2010; and his trustee bond was filed and approved on July 21, 2010. *Id.* Mr. DiOrio filed a Chapter 11 Trustee Status Report on July 23, 2010, describing this sequence of events, including the July 9 account freeze. *Id.* The case was converted to Chapter 7 that November, with Mr. DiOrio as the Chapter 7 trustee. ECF No. 17-1 at 3.

The next several years involved much litigation between these parties most of which is not relevant here. But the bankruptcy case closed and Mr. DiOrio was discharged as trustee on April 20, 2017. ECF No. 18 at 5. The case was reopened in 2024 so that the estate could sell default judgments it held against Ms. Merritt and Mr. Cronan, and renewed execution activity followed in 2025. *Id.* at 5-6.

Beginning in 2025, Ms. Merritt filed a series of motions in the bankruptcy court advancing the theory that she brings here: that Mr. DiOrio lacked lawful authority to act in July 2010 because the qualification requirements of 11 U.S.C. § 322(a) were not satisfied and therefore his conduct was ultra vires. The bankruptcy court disagreed, finding that it had ordered the appointment and CDI's doors shut immediately and that Mr. DiOrio had not misrepresented the bankruptcy court's direction to cease CDI's operations. ECF No. 17-1 at 6-7. On July 24, 2025, Ms. Merritt moved in the bankruptcy court for leave to sue Mr. DiOrio personally. On

July 29, 2025, the bankruptcy court denied the motion as "both meritless and frivolous." *Id.* at 7.

Ms. Merritt did not appeal the bankruptcy court's order and instead filed this action. Mr. DiOrio moves to dismiss on grounds of trustee immunity, the statute of limitations, res judicata, and lack of standing. ECF No. 17.

The Court first considers the threshold question of whether it has subject-matter jurisdiction over this dispute. Contests to subject-matter jurisdiction "can never be forfeited or waived," and a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In *Barton v. Barbour*, 104 U.S. 126, 27-29 (1881), the Supreme Court held that a receiver may not be sued in a court other than the one charged with administering the estate unless leave of the appointing court is first obtained. This rule was extended to trustees in bankruptcy. *See LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 4 (1st Cir. 1999). Applied to this case, absent any exception, Mr. DiOrio cannot be sued in this Court unless leave to do so was provided by the bankruptcy court.

The First Circuit applied *Barton* to similar facts in *Muratore v. Darr*, 375 F.3d 140 (1st Cir. 2004). There, Muratore owned and controlled a Chapter 11 debtor and sued the trustee in district court for allegedly mishandling the estate, without leave

of the bankruptcy court. The district court dismissed for want of subject-matter jurisdiction, and the First Circuit affirmed. *Id.* at 143, 148.

Ms. Merritt's allegations place the conduct within the administration of the estate. She alleges that Mr. DiOrio acted "upon receiving notice of his prospective appointment" and "consistent with the Court's directive to the Debtor," sending counsel to confirm that operations had ceased and then securing the debtor's operating account. ECF No. 18 at 4, 10. Those were acts were done in the trustee's official capacity, for which leave is required. *See Muratore*, 375 F.3d at 146-48 (holding that *Barton* barred the plaintiff's claims because they rested on "the trustee's alleged misconduct in liquidating and administering the estate's property").

Ms. Merritt sought leave from the bankruptcy court and that court refused it. She did not appeal and instead filed this action advancing the same theory. Without the leave that *Barton* requires, this Court must dismiss unless an exception applies. *See* Fed. R. Civ. P. 12(h)(3).

One possible exception is 28 U.S.C. § 959(a), which permits suit against a trustee without leave "with respect to any of their acts or transactions in carrying on business connected with such property." Section 959(a) is "a limited exception to *Barton* and "carrying on business" means conducting the debtor's business "in the ordinary sense of the words or in pursuing that business as an operating enterprise." *Muratore*, 375 F.3d at 143-44. Here, the conduct alleged is securing a bank account in the immediate execution of a judicial order that the debtor cease operating. That

is the opposite of carrying on business and so falls outside the statutory exception to *Barton.*

Because the Court lacks subject-matter jurisdiction, it may not proceed to Mr. DiOrio's arguments on trustee immunity, the statute of limitations, res judicata, standing, or the sufficiency of the conversion claim. *See Steel co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998).

For the foregoing reasons, the Court GRANTS Mr. DiOrio's Motion to Dismiss, ECF No. 17, and DISMISSES the First Amended Complaint for lack of subject-matter jurisdiction. Because this dismissal is on jurisdiction grounds, it is made without prejudice. *See U.S. ex rel. Poteet v. Bahler Med., Inc.*, 619 F.3d 104, 115 (1st Cir. 2010).

IT IS SO ORDERED.

Mary S. McElroy

MARY S. MCELROY
United States District Judge

November 9, 2026